The next case this morning is 521-0416, People v. Johnson. Arguing for the state as the appellant is Pat Daly. Arguing for the defendant-appellee is Kyle Smith. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Gentlemen, good morning. Good morning. Mr. Daly, whenever you're ready to proceed, you may begin. Thank you, Your Honor. May it please the court, counsel. My name is Patrick Daly. I'm here on behalf of the people of the state of Illinois. This is an appeal by the state of the dismissal of charges of aggravated battery. The issue before the court was whether the defendant's due process rights were violated. Parties have also discussed whether there was a discovery violation issue here. I think probably best to start with a concessionary note. The Carbondale Police case dropped the ball. They were told to get a Walmart video that they had observed at the time of the incident, which was a battery in the parking lot of a Walmart in Carbondale. They were directed by the prosecutor to go back to get that video. But by the time, due to miscommunication between the police officers that they got that video, the video had been purged or written over by Walmart. The court's familiar with the facts of the case, but I'm going to go ahead and just do kind of a quick synopsis because I think the facts of this case are important to frame the legal issues involved. So the police did observe the video. They did not get a copy of it. It was, however, obviously made known and it was actually included as part of a probable cause statement. The contents of the video and the contents of the probable cause statement are not in the record. The parties do reference it, there's no discussion of it at the time of the hearing. But the state did disclose in its discovery response that it was aware of the video and that it was going to get it. And then once it got it, it was going to disclose it as part of its duties under the Supreme Court rules. However, as it turned out, that video, by the time the police ever got to it, more than 90 days had elapsed. And so if they had done it properly, they would have gotten it. So thus the police did not do their job. The question is here is whether dismissal of the charges under this factual framework is appropriate. The parties have addressed both the discovery and due process. I'm going to start with the due process argument, the due process issue, mainly because this is the argument that the defendant raised below in their motion of dismiss. They cite due process specifically along the Newberry. The state discusses Newberry in the due process context as well. Counsel for the defendant notes, I think that the court kind of sort of talked a little bit about both. That's arguably correct, although I do think that the court's ultimate decision was due process premise. Due process laws relates to dismissal of charges is pretty well established. The kind of the leading case that most other decisions refer back to is Youngblood versus Arizona, excuse me, Arizona versus Youngblood. And it stands for, I think, really the principal proposition that courts have the power to dismiss charges on the due process where evidence is destroyed or not properly preserved. But in the instance in which due process is applicable, there has to be a showing of bad faith on the part of the government. In this case, there's no bad faith on the part of the government. The defendant's counsel below conceded that there was no bad faith and acknowledge as much. And I think everyone also acknowledges really uncertain about the value of the video itself. The court found in ruling that there was no showing of bad faith. So in that context, the due process analysis, I think is significantly impaired from the defendant's perspective in the absence of bad faith. Now, some years later in Newberry, the Supreme Court, the Illinois Supreme Court kind of took up the Youngblood mantle and said, well, we're going to have a little bit of a different result here because this is a drug case. The evidence of drugs, which is really central issue of the prosecution, the absence of which the defendant would have no chance of defending the charges without it in terms of independent testing, had been destroyed. So it was going to deviate now, not deviate, but perhaps read into the due process analysis a unique and particularized situation that would apply where that type of character of evidence is at stake. I think the state argued below, and I think the state argued correctly that that's not the type of evidence that we have in this case. Here, there is a video whose, again, we don't know what the contents of it are, is equally likely favorable to the state as to the defendant. But I think moreover, it's not a case whose absence is going to deprive the defendant of the ability to defend against the charges. In fact, the parties below both acknowledged in the court that each side had numerous respective witnesses that was going to present a trial. So while that evidence may be useful or potentially useful to somebody, and we don't know who could equally be the state as the defendant, it was not of that type of character of evidence that Newberry addressed itself to. Now, I would be remiss as well in discussing Newberry that its premises are debatable, and a number of reviewing courts have gone back to look at Newberry in light of the case of Illinois v. Fisher. Illinois v. Fisher was an appeal actually an Illinois appellate court decision, which it said, look, this Newberry kind of centrality of the evidence importance is not something we ever contemplated or worked into our due process analysis in Youngblood, and we've always maintained that the principal consideration is the lack of or presence of bad faith on the part of the government agent. Now, we all concede, I think that, or at least I concede, of course, that Newberry is still good law. The Supreme Court had a chance to revisit it in people v. Sutherland, but did not do so, finding that it didn't really need to reach the issue of whether due process requires a showing of bad faith, because it simply found Newberry inapplicable in those circumstances where there was a vehicle that had been lost or given away by the police that was not central to the defense of the case. Um, so what we have here, your honors, essentially, is we have a video that was not generated by the police, not ever in the police's possession, not ever in the state's possession. Um, uh, as an issue of preservation and the court made mention of the fact that, you know, the state was required to preserve this video, I think as a matter of sort of English grammar, that's preservation of something contemplates the possession of something in which you're going to protect against this destruction, but the state here did not actually possess the video. Um, there was no showing of bad faith by the part of the state. In fact, it was conceded explicitly and the video itself was only potentially useful. So from, from a due process perspective, I think when we look at the extant case law and we look at the facts of this case, we look at the, the, the, um, admissions of the lack of, of, of bad faith, uh, that the court's finding of a due process violation, uh, assuming that's what it did find in terms of dismissal of the charges, uh, I think went, went far beyond that, which it should have. And in fact, under these circumstances, I don't think there was a due process violation at all. This doesn't preclude the defendant from challenging the police. Uh, you know, we'll call it, I think as defense counsel, I think maybe accurately described as ineptitude in acquiring that evidence. And, and, and, but it doesn't mean that we apply due process wholesale across the rather than due process goes strictly to that instance where the state simply, you know, allows the destruction negligently or otherwise, uh, or purposely or in bad faith, uh, evidence that's within its possession. That's even under the Newberry analysis. Now we're turning here in the last couple of minutes to the discovery issue. Again, discovery is not really ever explicitly stated by any of the parties here. Now the court did make mention in its order. When you look at at least in its verbal order, uh, about, you know, well, the state was put on notice that it had to preserve those particular evidence. Um, I, well, I, number one, I would factually dispute that, that particular characterization. I think that there was never a request to preserve anything. The state is sort of voluntarily offered up. Hey, we're aware of this video. We're going to try to get in when we get it to you, we're going to give it to you. So I'm not sure that that's even really true. Um, but I think that really the more germane point of the discovery issue here is when you look at the rule, it requires as part of discovery, and this is an interpretation of the plain language of the Supreme court rule, uh, that the state is to turn over to the defendant, all evidence that it has in its possession and control. Uh, this is not evidence that the state ever had in its possession and control. Uh, it attempted to get it into his possession and control. Um, but it did not. And so I don't think that by the plain language of the stop there, how did it attempt to get it in its control? They viewed it and then they, then, then it became in control of Walmart. Is that not correct? And so how did they, the state ever try to get, have it in its control and give that up? Well, I think that what happened in your honor is, is that once, once the state found out that this video existed, the class prosecutor, they tried to go back to Walmart to get a copy of it. And once that copy was made, then that would be obviously a tangible item in the state's control, which you would be required to preserve. But they didn't do anything. They, by correct. By the time they got back to go get it, the evidence had already been destroyed. That's the only time they went back. Not, there was no remit mid time that they went back. That's correct. Your honor. Yes. Yes. They, the, this, the police did not act properly when informed to do so by the prosecutor to get that evidence, which is why we're here today. Because if they had, they would have gotten it. And this wouldn't have been an issue. Um, I, in the last 15 seconds or so, I do want to say that if the court does find that the court had gone to a proper extent in terms of, of finding a discovery violation, uh, the sanction of dismissal of charges is a disfavored sanction. It's the most severe sanction. Um, and I think when you look at all the circumstances, particularly as it relates, as I just previously discussed with the due process violation that the discovery, uh, excuse me, that the sanction of complete dismissal, uh, was inappropriate and courts should have considered less drastic and harsh remedies, such as an instruction to the jury that can presume, uh, you know, evidence that the state had and was not able to present to be favorable to the defendant. If the court has no further questions, I'll reserve my time for rebuttal. Thank you. Your honor. Just McCain. He just wants any further questions before the question. Okay. All right. Thank you. Mr. Daly. Uh, you'll have time in rebuttal. Uh, Mr. Smith, you are, there you go. Whenever you're ready, you may begin. Thank you. Morning. And may it please the court council. My name is Kyle Smith with the office of state of health defender. And I'm representing Mr. Johnson here today. So in order to obtain a reversal and reinstate the charges against Mr. Johnson, the state is required to show that the trial court abused its discretion that its decision to dismiss the charges was arbitrary, fancy, or I have no volume. You're back on mute. Sorry. Sorry. Restate that please. Um, yes. Uh, I was just saying that the, in order to reverse this case, the state's required to show that the trial court abused its discretion. Um, now I think both parties can agree that, uh, this can be analyzed as either a constitutional due process violation, or it's a discovery sanction under rule four 15. And the state does concede that this court can affirm on either on any basis that's supported by the record. I think where we tend to not see eyes that on what the trial court actually ruled on. And I think if you look to the record, the record makes pretty clear that the trial court was treating this as a discovery violation. He said, this decision was based on the video, not being preserved on request. He found that the, uh, well, first that the defendant had filed a discovery motion that he had requested the video. He said that there was no bad faith and that the video could potentially support either side. He stated on page 31, clearly there's been a violation. The question is what is the appropriate sanction? And he went on to note that a dismissal is not required, but it depends on the particular facts. And, um, and he also considered the lesser sanctions that were available. This to me reads as a court who was exercising its authority under rule four 15 to choose an appropriate sanction for a violation. That's not, this is not how you talk about just due process violation or due process claims. Um, it's true that he did reference, uh, briefly Newberry, uh, with cases, which I might add, it was decided on both due process and discovery grounds. And he also referred to other cases, which are, um, uh, involved evidence not being preserved on request. Um, the other side, the state has raised some arguments about what counsel argued, but I would say, um, first of all, the state, the attorney did emphasize that he filed this motion and for discovery and that, um, it had not been preserved. Um, and I would argue that the trial court's decision, and I think the trial court got it right here, regardless of what was argued. Um, now I think these facts can clearly support a, um, a discovery violation and the fact all that, all that's required is that the defendant filed a motion that the state responded by disclosing this video and promising to provide a copy. And then it failed to do so. There's no need to show bad faith or any type of, uh, that the evidence was favorable or unfavorable. It's, it's really that simple. The state raises this, uh, possession argument claiming it never actually had possession of this, uh, of this video, uh, which I, which I disagree with as a matter of fact or interpretation of the facts, I should say. Um, I would just note that this argument relies on language from 412A, which is about the duty, state's duty to disclose. Um, the state does not mention that, uh, rule 412.4, uh, requires that the state ensures a flow of communication to place within its possession and control any relevant evidence. So that speaks to its ability to, or its obligation rather to, uh, take evidence into its possession. I would also argue this evidence was in the state's possession on July 7th when there were five officers on the scene watching, and at least one of them was able to watch this video. They had actual physical control and possession over the video. They could have right then and there done something to take an effort to obtain it and to keep it. Uh, the fact that they relinquished possession after that and said, okay, I guess we'll just come back later. Uh, do so that to me, it doesn't change the fact that they had possession over the video. What, what is, uh, what is the, uh, what is the, the evidence that we're talking about when we're specifically, when we're talking about possessing the evidence? Is it the content of the video or is it the video itself? In other words, is it the hard drive it's on? Is it, uh, is it a thumb drive? Is it a CD that was burned or DVD or something like that? Well, speaking to the facts, I don't think the record discloses exactly how it was I'm assuming it was some sort of digital. Um, I, I think these are fairly, um, high tech. So I'm assuming it was a computer or something in the, um, that was my, yes. Um, I think that, um, that goes to the point though, that how can you possess, uh, how can you possess a digital file? And I think the state's trying to change the word and say, well, we didn't actually possess it, but I, I maintain if you're watching a video, if you're given access by the manager of Walmart to view a video, um, they're not, they're clearly not saying, you know, uh, that you can't have this. And it's also important to keep in mind the police work hand in hand with these types of offices all the time. So these requests are second nature to many officers. So I, I, I think that, that it's, I don't think the state can really say that, well, we just didn't have possession or control. Well, I think that's exactly what the state's saying. The state is saying that they did not have possession of the evidence that was requested that a copy of the video, they had knowledge of what the video had on it, but how do we distinguish, you know, what, how do we determine what the state was required to turn over? Well, I think, I think to start off, I think the state made that determination when it did in fact disclose this evidence. And that the police officer filed his police, his probable cause statement to the court, he was effectively representing to the trial court. I have evidence in my possession or control that shows that the defendant was able to, that the defendant committed a crime and that was used to obtain the arrest form. So that was, how was this situation of different from if the officer, you know, in, in the discovery response, the state says we have an eyewitness who will testify at trial and we'll testify about, you know, what that witness saw. And then the day of trial comes, or, you know, we're going to make that witness available for a deposition. And then for whatever reason that witness dies or is otherwise unavailable, how is that different than this situation? We have evidence, we'll get it to you as soon as we have it in our possession. And then it disappears. I think the difference in the hypothetical that you've given me is that if the witness died or was otherwise unavailable, that's not the responsibility of the state. If the state did something to affirmatively prevent this witness from testifying, or was, you know, somehow simply forgot to, you know, bring the witness to the deposition or whatever it may be after affirmatively promising the defendant in their discovery motion that they would be able to do this, then I think that that loss would be attributable to the state. I think that the state has an obligation to ensure that its officers and, you know, follow through on what it does. The state also has an obligation to the defense to performance obligations in a timely manner, none of which was done here. There were several months between when the discovery motion was filed and when the state's several months after that, when the state finally revealed that this video had been lost. And so, yeah, and I think by, again, by the probable cause statement and then also the discovery response, they're effectively representing that they have this evidence that they're in. And they also, I believe the state also indicated that it intended to bring this evidence into trial. So I think it's entirely reasonable for the defense counsel to rely on the state's representations that it has this evidence and that it intends to preserve it. So there's no question that the state was definitely on notice that this evidence needed to be preserved. As to the... In your brief, you make an interesting argument, and it was on page 24 of your brief. If physical possession was the sole criteria for such disclosure, litigants could easily circumvent their discovery obligations by simply refusing to, quote-unquote, take possession of discoverable material until the moment it was needed, if at all. Isn't there a bad faith requirement in something like that? I mean, if it's... If that were the case, if the state knew that if they had evidence, they weren't going to take it because it was exculpatory or whatever the case might be, and they said, well, we're not even going to attempt to get this until the very last second, that would be bad faith on their part. Here, we don't have any bad faith. So I don't believe that bad faith is a requirement specifically for a discovery violation. I think more about the defendant's actual access to this and being able to see this evidence ahead of time and timely notice and such like that. That can be an element for determining a sanction, and I believe that this case certainly has lots of evidence of negligence far beyond just... I don't think anyone disagrees with that. Yes. But I think it's important to note that that is a factor that the trial court considered when breaking this, as the state describes, excessive sanction. I see now that my time is up, but if there are any further questions, otherwise, I would ask that you simply affirm the trial court's decision. Okay. I believe Justice McKinney has a question. Counsel, what's your response to the suggestion of the state that an appropriate sanction instead of dismissal would have been simply adverse inference during instruction? So I don't... First of all, I don't know exactly how that would work. There's no model during instruction for criminal trials, I believe. Use the IPI civil, just adapt that. That could be. And that may be... That could be a solution. My response would be that that's not what the trial court decided here. The trial court is in the best position to decide what the sanction should be for any given discovery violation, and he considered all the alternatives, and he decided that dismissal was the only appropriate decision. So I don't think we can sit here and second-guess things that weren't even raised by the state or by either party below, as maybe that could have been better, but... In a sense, you've said that the trial court's ruling could be due process or discovery, right? I think it... Yes. I think it could plausibly be read as either. My question is, what's your argument about waiver? How did the state waive? So with respect to waiver, I would say that the state that... So the state specifically, it never raised any of these discovery arguments specifically about not having this evidence of discovery. It just said that this evidence wasn't discoverable, and that occurred when it responded to the request, when the motion to dismiss was filed at the hearing, and even after the hearing. It never once said, well, we don't actually need to disclose this evidence. It was always assumed by both parties that this was discoverable, and frankly, I would argue that it was assumed that this was a discovery violation and that the question to be determined was whether dismissal was an appropriate sanction. But I... So that would be at least part of my waiver argument. Okay. Thank you. Thank you, Your Honor. Well, do you have any questions? No further questions. All right, Mr. Smith, thank you. You'll have... Well, you won't have time in rebuttal, but Ms. Bailey, you do, and you are on mute right now. I'm sure that... There you go. Yeah. I just wait until you're done, Judge. Okay. Well, I'm going to quote a couple of things from the record here for you. I'm going to start with the state's discovery response, and this is paragraph B, the last sentence, that people are aware that video from Walmart may exist and will supplement discovery once that is received. So the state's not even representing in its discovery response that it has anything in its possession at this point. It's just aware that something is out there, which is, of course, what prompted the state to go get this or attempt to get this video in the first place. I don't want to delve into this kind of sort of pseudo-metaphysical discussion of whether possession is equal to knowledge, because I just don't think that that really realistically exists in this universe. What the state attempted to do is get a copy of this video. It didn't get a copy because the video didn't exist anymore. Any sort of tangible, watchable item was possessed solely and singularly by Walmart throughout the course of this case, and the state, other than viewing it, and it knew its contents, but it didn't have a copy. Now, if this is going to go to trial, what's the state going to do? I mean, it could, in theory, have its witness testify to the contents of the video. I think there's a case I cite, which actually mentions that that doesn't violate the hearsay rule, but the fact of the matter is that this is a video whose contents show, represent, video-wise, digitally-wise, what happened or didn't happen on this parking lot. So I think that this kind of meshing together of knowledge and possession, I think, really confuses the issue here. The state just simply did not ever have, in its possession, any kind of tangible piece of evidence, which is exactly what the defendant was challenging in this case, okay? Turning again to the discovery violation, I'm going to quote now, again, from the record. This is defendant's motion. The defendant respectfully submits paragraph seven that the state, by failing to preserve this vital evidence, has violated the defendant's due process rights. Nothing in this motion mentions discovery. Nothing at all mentions discovery. Now, we discuss discovery here for two reasons. One, as counsel points out, this court has broad discretion to affirm on any basis appears in the record, and I think counsel also points out accurately that Newbery itself, sort of sui sponte, if you read the decision closely, gets into the discovery issue kind of almost as a dicta-type thing at the end, but it does make mention of that fact as well. I think it's supportive of the ultimate dismissal of the charges in that case. So, I tie that position, if you will, to the waiver argument that counsel raises. I'm like, well, how does the state waive, and counsel argues, well, the state's waived, you know, issues related to discovery here. I don't, I'm not sure how you waive a discovery argument when it's never been raised in the first instance, so I'm a little, I'm a little, a little confused by that particular position. But we could bypass all that by basically, by basically emphasizing here, I would emphasize here, that the defendant brought this Newbery based argument and cites due process in their motion. The state, I think, vigorously contested that, at least in terms of its applicability of Newbery to the facts of this case and how they're categorically different. I think the state reemphasized that notion in its motion to reconsider after the court's ruling. So, I don't think that any sort of principle or waiver estoppel should apply here, where it's really undisputed that the state had contested the defendant's position with regards to whether the dismissal of the charges in this instance was appropriate. Okay. Further, I think you'll find, Your Honor, I think Justice McKean points out correctly as well, you know, there are, there is a civil rule, and I know there are a number of criminal cases, I believe, were not discussed here since we didn't really get to that issue. But there's, the missing evidence rule, if you will, has been employed in the criminal context as well. And there's other things that the court could have done as well. I mean, it could impose sanctions. It possesses a broader array of powers, far less than dismissal. But the point of the matter is, judges, I think that, I think the dismissal in this case, or really kind of any sanction, if we're looking through the prism of a due process violation, which was just singularly appropriate in view of all the circumstances of this case, in which really what we have here is a state is being punished for really nothing more than the police not doing their job properly. That's not what Youngblood says. That's not what Newberry says. That's not what Fisher says. That's not what any case says. And that's just a fact. So on that note, Your Honor, if the court has no further questions, I'll conclude now. Justice McKean, Justice Welch, anything? No questions. Thank you, Your Honor. All right. Thank you both for your arguments today and your briefs. We'll take this matter under consideration, an issue that's ruling in due course.